UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Joel Jeannite,

    Plaintiff,

v.

AutoZone, *et al*,

    Defendants.

_____/

## NOTICE OF REMOVAL

Defendants, AutoZoners, LLC, (incorrectly referred to in Plaintiff's Complaint as AutoZone) ("AutoZone"), Amani Woods, and Angel Cruz (collectively, "Defendants")[1] file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, from a lawsuit filed by Plaintiff, Joel Jeannite, in the Commonwealth of Massachusetts, Civil Action No. 2084CV02684, styled: *Joel Jeannite vs. AutoZone, Amani, and Angel* (hereinafter, "State Court Action").

## THE NOTICE OF REMOVAL IS TIMELY

1. Plaintiff filed the State Court Action on or about November 20, 2020. Attached as Exhibit A is Plaintiff's Complaint and all process, pleadings, and orders in the State Court Action to date.

2. On or about November 24, 2020, a Sherriff delivered a copy of the Complaint to Store 5252, located at 333 Warren Street in Roxbury, Massachusetts by handing it to a Store Manager.

---

[1] Plaintiff did not identify any last names of "Amani" or "Angel." Given that Ms. Woods and Mr. Cruz are employed at the AutoZone store at issue and recall the incidents with Plaintiff, Defendants assume these are the employees Plaintiff intended to sue.

3. Removal in this case is timely under 28 U.S.C. § 1446(b) since 30 days have not elapsed since Defendants first received notice of Plaintiff's Complaint² and under 28 U.S.C. § 1446(c) because Plaintiff fraudulently joined non-diverse defendants to try to prevent removal. There is no reasonable possibility that the state's highest court would find that the Complaint stated a cause of action upon which relief may be granted against the individual defendants. *Costello v. Whole Foods Mkt. Grp., Inc.*, 2016 U.S. Dist. LEXIS 104183, *4 (D. Mass. Aug. 8, 2016), *citing*, *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014).

## SUBJECT MATTER EXISTS BASED ON DIVERSITY OF CITIZENSHIP AND THE AMOUNT IN CONTROVERSY

### Diversity and Fraudulent Joinder

4. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a)(1) provides that a United States District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

5. The citizenship of parties who have been fraudulently joined to defeat jurisdiction, however, is not considered under 28 U.S.C. § 1332. *Costello*, 2016 U.S. Dist. LEXIS 104183, *11-12.

---

² Defendants reserve the right to assert that none have been properly served in this matter.

{M1782553.1}

6. Removal in this case is proper because—when the citizenship of the fraudulently joined defendants is ignored—the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1).

7. Plaintiff's Complaint alleges that he resides in Roxbury, Massachusetts.

8. The sole member of Defendant AutoZone is AutoZone Investment Corporation. AutoZone Investment Corporation (a corporation) is incorporated in Nevada and maintains its principal place of business in Tennessee. All major corporate business decisions are made and annual sales meetings are held in Memphis, Tennessee.

9. Defendant Amani Woods is a citizen of the State of Massachusetts, but her citizenship must be ignored because she was fraudulently joined to defeat diversity. Plaintiff claims this is a "civil rights" action. *See* Civil Cover Sheet, within Exhibit A. He claims he was subjected to "discrimination" while at an AutoZone store on September 25, 2020. The only allegation he makes against Ms. Woods is that she was "yelling and being rude" when telling him that he "need[s] to wear a mask." Complaint, Para. 3. Such an allegation does not state any actionable discrimination claim against Ms. Woods.[3]

10. Defendant Angel Cruz is a citizen of the State of Massachusetts, but his citizenship must be ignored because he was fraudulently joined to defeat diversity. With respect to his "civil rights" claim, Plaintiff alleges that Mr. Cruz asked "armed guards to kick me out [of] the store" after Ms. Woods advised him that he needed to wear a mask. Complaint. Para. 3. This allegation, too, fails to state any actionable discrimination claim against Mr. Cruz.[4]

---

[3] Similarly, even if Plaintiff intended to bring claims of "unfair dealing," "fraud," breach of contract, and "negligen[t] claims," he failed to state any of these claims against Ms. Wood.

[4] Such an allegation would also not give rise to any other actionable claim against Mr. Cruz for "unfair dealing," "fraud," breach of contract, and "negligen[t]."

{M1782553.1}

11. Accordingly, Plaintiff and the only properly joined Defendant, AutoZone, are citizens of different states, and, as explained below, the substantive allegations of Plaintiff's Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Amount in Controversy

12. Plaintiff's Complaint seeks damages in the amount of 170 million dollars; which on its face satisfies the jurisdictional threshold under 28 U.S.C. §1332(a) of $75,000.

## **THE REQUIREMENTS OF REMOVAL HAVE BEEN MET**

13. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District embraces the place where the State Court Action has been pending.

14. AutoZone certifies that written notice of the filing of this Notice of Removal will promptly be given to Plaintiff and to the Clerk of the Trial Court of Massachusetts, The Suffolk County Superior Court, as required by 28 U.S.C. § 1446(d).

15. Pursuant to Local Rule 81.1(A), Defendants shall request of the Clerk of the Suffolk Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested to copies of all docket entries therein, and shall file the same with this Court within twenty eight (28) days after filing of this Notice of Removal.

16. As set forth above, true and correct copies of all pleadings and orders in the State Court Action are attached hereto as Exhibit "A."

17. Lastly, though the fraudulently joined non-diverse defendants need not consent to this Notice, they have done so out of an abundance of caution.

Dated: December, 11, 2020              Respectfully submitted,

/s/_____
Sean F. McDonough, Bar No. 56723
 Morrison Mahoney
250 Summer Street
Boston, MA 02210
Telephone: 617-737-8835
Facsimile: 617-342-4950
Email: smcdonough@morrisonmahoney.com

*Counsel for Defendants*

{M1782553.1}

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non registered participants on _____.

Joel Jeannite, *Pro Se*
6 Hestia Park
Roxbury, MA 02119

/s/_____
Sean F. McDonough, Bar No._____

{M1782553.1}